---

(37 Misc. Rep. 133.)

## In re PARK.

(Supreme Court, Special Term, Monroe County. January, 1902.)

Town Election—Recanvass of Votes.

 Laws 1890, c. 569, § 42, as amended by Laws 1901, c. 391, § 3, directs that votes for town officers cast at a biennial meeting held at the time of a general election shall be recanvassed on the Thursday succeeding such town meeting. Section 38 provides that the justices of the peace and the town clerk shall recanvass such votes from the statements of the inspectors. *Held*, that the justices of the peace and the town clerk who made the recanvass must declare the result from the statements made by the inspectors of election, and not recount the votes.

Application by the state, on the relation of Charles F. Park, for a writ of mandamus to the justices of the peace and the town clerk of the town of Corning. Application granted.

James O. Sebring, for relator.

D. M. Page, for defendants.

DUNWELL, J. Motion by relator for a mandamus directing a recanvass of the votes cast at the last biennial town meeting held in the town of Corning, Steuben county, for the election of town officers, on the 5th day of November, 1901, at the same time as the general election. The relator was a candidate for commissioner of highways. Following the closing of the polls, the inspectors of election canvassed the votes, and certified the result by the usual statement, to the effect that the whole number of votes cast for commissioner of highways was 413, of which the relator, Charles F. Park, received 191, James V. Rose 189, and Benajah Wilcox 33, thus giving the relator a plurality of 2. On the 7th day of November, two days later, the town board and the inspectors of election met, and, acting together, opened the ballot box, and publicly recounted the votes. They did this after some discussion as to whether by a "recanvass," as stated in the law, was meant a recount. Those who engaged in making the recount were the supervisor, justices of the peace, town clerk, and the inspectors of election. The recount changed the result so as to elect Rose, instead of Park, by one majority. No changes sufficient to affect the other officers resulted from the recount. The question presented here is whether the recount of the votes was what is meant by the "recanvass" directed by section 42 of the town law (Laws 1890, c. 569), as amended by chapter 391 of the Laws of 1901. By that section it is provided that at all biennial town meetings held

at the same time as a general election the inspectors shall canvass the votes for candidates for town offices in the same manner as the votes for other candidates cast at the general election, and deliver a statement of the votes so cast to one of the justices of the peace of such town, and on Thursday succeeding the election such votes shall be recanvassed, and the result of the election declared, as provided by section 38 of the same chapter. It is thus plain that by section 42 the inspectors of election, not the town board, are made the canvassers of the votes for town officers, when the town meeting is held at the same time as a general election. Not only are they to canvass the votes in the same manner as for the other candidates at the general election, but they are to make out a statement of the result, and deliver it to one of the justices of the peace, to be dealt with as provided by section 38. By turning to section 38, we find what the justices and town clerk are to do with the statement so delivered to them by the inspectors, viz., "Such justices and clerk shall then and there recanvass such votes from the statements of the inspectors," etc.,—not to recount the votes, but recanvass from "the statements of the inspectors." They are limited to declaring what is contained in the "statements." The town board was probably misled by confining itself to what appeared in section 42 only. But the "recanvass" of the "votes" there mentioned must be considered in connection with the manner of recanvassing described in section 38. There the recanvass of the votes is defined to be a recanvass thereof from the "statements" of the inspectors. This, no doubt would have been clearer if the town of Corning had consisted of several election districts instead of one. But that makes no difference in the interpretation of the law as section 42 applies to all town meetings without exception, if held at the same time as the general election. The construction of this statute as here given is in accordance with the whole general scheme of our statutes of counting votes and declaring results at our elections. It preserves the system of counting the votes and announcing the result immediately after the closing of the polls, when the whole election force of officers and party watchers and the public are present, and when there is the least chance for improper conduct or tampering with ballot boxes, and before it is known that the vote is likely to be close between certain candidates; and this construction preserves the uniformity in the system of official canvassing that prevails, with county canvassers and state canvassers, where the canvassing is from the returns, not by recounting the ballots. It is doubtful whether any example exists in our system whereby one body of election officers proceeds upon the work of another by recounting the votes. It cannot be that this statute was meant to be a departure from the usual course. Such a change would alter what has always seemed to be the purpose of our statutes,—to hold the count of the votes at the place where voted, in the presence of the voters, candidates, and officials of the election and of the watchers of the several political parties, and before the importance of a few votes one way or the other is understood, and where there is less incentive to misconduct. Much of the benefit of the original count would be lost if it was not a final count, but could be changed by a recount, and the

people kept in uncertainty and suspense meanwhile. This does not, of course, prevent the courts in cases of alleged mistake or fraud from examining into the correctness of the original count in any particular case. But that does not permit the court in this proceeding to say that, the recount of the town board having shown a mistake in the original count, the relief sought here should be withheld, as, the recount being unauthorized, no legal knowledge of such mistake has been acquired, and no advantage can be acquired by parties to this proceeding therefrom. It follows that the order and writ for a peremptory mandamus must be granted, directing that the justices of the peace and town clerk of the town of Corning reassemble at the usual place in said town, and recanvass the vote for commissioner of highways from the statements of the inspectors filed with them, and declare the result of the election therefrom.

Application granted.